IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JONATHAN COLLIER,**<br><br>        *Plaintiff*,<br><br>   v.<br><br>**UTAH TRAILWAYS,**<br><br>        *Defendant.* | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:16-cv-01276-DB-DBP**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) Plaintiff Jonathan Collier brings claims under the Fair Labor Standards Act ("FLSA") against his former employer, Defendant Utah Trailways ("Trailways"). Mr. Collier claims he "was not properly compensated for all the time worked" and seeks "to recover unpaid compensation in the form of unpaid wages, owed to [him] pursuant to the FLSA." (ECF No. 3 at 3–4). Mr. Collier also seeks unspecified declaratory and injunctive relief. (*Id.* at 5–6). The case is presently before the court on Trailways' Motion for Summary Judgement (ECF No. 18). The court has reviewed the parties' briefs and does not find good cause to entertain oral argument.

## LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact . . . is genuinely disputed must support the assertion by"

citing to materials such as documents, interrogatory answers, depositions, and affidavits. *Id.* 56(c)(1)(A). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Also, the court must view the evidence in the light most favorable to the non-moving party. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

## UNDISPUTED FACTS

Mr. Collier does not dispute Trailways' statement of facts or set forth any additional facts in his Opposition to Defendant's Motion for Summary Judgement. Unless otherwise noted, the following undisputed facts were taken from Trailways' Motion for Summary Judgment. Trailways provides passenger transportation services between Utah and surrounding states for compensation. (ECF No. 18 at 2). Trailways employed Mr. Collier as a "Motor Coach Operator" from approximately January 2014 until June 2016.[1] (*Id.*; ECF No. 3 at 3). In that role, Mr. Collier regularly drove passenger busses across state lines. (ECF No. 18 at 3). Those busses accommodate more than eight passengers and weigh more than 10,001 pounds. (*Id.*)

## ANALYSIS

### I. Parties' arguments

Trailways argues the Motor Carrier Act ("MCA") exempts it from the FLSA's overtime provisions. (*Id.*) Trailways argues it qualifies for the MCA exemption because it is a motor carrier as defined by the MCA, and it employed Mr. Collier to move passengers interstate.

---

[1] These dates of employment are taken from the Complaint.

Accordingly, Mr. Collier's claim for overtime wages required by the FLSA must be dismissed because the MCA excuses Trailways from complying with that portion of the FLSA.

Mr. Collier argues this case involves "unpaid wages," not simply a claim for overtime. Mr. Collier contends that, although FLSA excuses Trailways from complying with FLSA's overtime requirements, Trailways is not excused from complying with FLSA's minimum-wage provisions. (ECF No. 19 at 3). Mr. Collier asserts he seeks to recover "wages for unpaid hours" and appears to insinuate he is entitled to such wages under FLSA's minimum wage provisions, or perhaps some other FLSA provision, though he has not cited any other provision.

## II. Trailways is entitled to summary judgment to the extent Mr. Collier asserts a claim for overtime pay

Trailways is entitled to summary judgment on the overtime claim asserted by Mr. Collier. FLSA's overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213. The Secretary of Transportation has such power over an employee of a motor carrier if that employee transports passengers or property by a commercial vehicle between states. 49 U.S.C. § 31502; *see id.* § 31132; *Foxworthy v. Hiland Dairy Co.*, 997 F.2d 670, 672 (10th Cir. 1993). A "'motor carrier' means a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). A commercial vehicle is defined to include a gross vehicle weight of at least 10,001 pounds or one designed or used to transport more than eight passengers for compensation. *See* 49 U.S.C. § 31132.

The undisputed facts show that Mr. Collier's employment falls within the MCA exemption to FLSA's overtime requirements. Trailways is a motor carrier because it transports passengers for

compensation. (ECF No. 18 at 2). Mr. Collier was Trailways' employee during the relevant time period. (*Id.*) As Trailways' employee, Mr. Collier transported passengers interstate in a vehicle that accommodated more than eight passengers and weighed over 10,001 pounds. (*Id.* at 3). Thus, Mr. Collier is not subject to the FLSA's overtime requirements.

Mr. Collier appears to agree. He concedes that FLSA exempts Trailways from FLSA's overtime requirements. (*See* ECF No. 19 at 3). Mr. Collier contends that he never sought overtime wages. (*Id.* at 4). While this may be subjectively true, the Complaint is somewhat unclear and tends to suggest Mr. Collier asserts an overtime claim. The Complaint alleges Mr. Collier is entitled to compensation for "violations of the wage and hour provisions of the FLSA . . . ." (ECF No. 3 at 2). He also alleges he "was paid a daily rate for every twenty[-]four hour period" that equaled about eight and one half hours of pay. (*Id.* at 3). While the Complaint is somewhat imprecise, the allegations can be fairly read as asserting a claim for overtime wages. Accordingly, the court will recommend the District Court grant summary judgment to the extent Mr. Collier asserts any claim to overtime pay under FLSA.

### III. Mr. Collier's claim for minimum wage violations remain

Notwithstanding the above, Trailways' motion does not dispose of the entire case here because Mr. Collier asserts a claim for minimum wage violations. Mr. Collier contends the FLSA or MCA "does not release [Trailways] from the minimum wage requirements of" FLSA. (ECF No. 19 at 3). Trailways appears to agree because it concedes Mr. Collier's minimum-wage "claims were not the subject of Defendant's motion for summary judgment and will need to be addressed at a later time." (ECF No. 21 at 3 n.6). Thus, while the court will recommend the District Court grant Trailways' motion, this case should not be terminated.

## RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the District Court **GRANT** Trailways' Motion for Summary Judgment. (ECF No. 18.) Trailways is entitled to judgment in its favor on Mr. Collier's claim for overtime pay because the FLSA's overtime provisions do not apply to Mr. Collier's employment with Trailways.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 3rd day of January 2018.            By the Court:

_____
Dustin B. Pead
United States Magistrate Judge